IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: <br><br> PETER STUART, <br><br>     Alleged Debtor. | Chapter 7 <br><br> Case No. 26-11946 |

**RESPONSE OF ALLEGED DEBTOR TO THE EMERGENCY VERIFIED MOTION OF PETITIONING CREDITORS FOR ENTRY OF AN ORDER (I) DIRECTING THE APPOINTMENT OF AN INTERIM CHAPTER 7 TRUSTEE, OR (II) ALTERNATIVELY, GRANTING TEMPORARY INJUNCTIVE RELIEF**

NOW COMES, the Alleged Debtor, Peter Stuart ("Stuart"), and for his Response to the Emergency Verified Motion of Petitioning Creditors for Entry of an Order (I) Directing the Appointment of an Interim Chapter 7 Trustee, or (II) Alternatively, Granting Temporary Injunctive Relief, states as follows:

As a preliminary matter, Stuart notes that he is a resident of the District of Columbia. He has transacted business in the District of Columbia as well as Maryland and Virginia but it is not at all accurate to state that Stuart's principal place of business is the Bethesda address referenced in the involuntary petition. Indeed, the Operating Agreement of ORC 2229 M Street NE LLC, attached to the Motion as Exhibit 10, states that the principal office of that entity is 1255 Union Street Floor 7 #16 Washington, DC. See ¶ 4. Because Stuart is not a domiciled in Maryland and his primary place of business is not Maryland, venue is not proper in this Court and the involuntary petition should have been initiated in the District of Columbia, if at all.

Stuart notes that on or about December 5, 2025, Stuart, in his capacity as the Manager of Outlier Manager, LLC, directed that suit by filed in the Superior Court of the District of Columbia

(the "DC Superior Court") against the principals of the two Verifying Creditors, Steven Sushner and Jordan Hepner, for having embezzled more than $800,000.00 from ORC 2229 M Street NE LLC, in which Stuart has an interest (the "DC Superior Court Action"). See Exhibits 3 and 4 to the Petitioners' Motion. At the time that the DC Superior Court Action was initiated, there was no pending threat of an involuntary bankruptcy and the filing of the DC Superior Court Action was not filed for any kind of strategic advantage. Upon information and belief, Steven Sushner and Jordan Hepner, have spearheaded the filing of the involuntary bankruptcy for the purposes of attempting to have an interim trustee direct and derail Stuart's efforts in the DC Superior Court Action. At a bare minimum, the initiation of this involuntary petition outside the District of Columbia where both Stuart is domiciled and the DC Court Action is pending suggests improper forum shopping on the part of the Verifying Creditors.

Stuart further notes that the SEC has not, as the Motion seems to suggest, found that Stuart engaged in any kind of securities fraud or other fraud. Indeed, after the SEC conducted a five year plus investigation of Stuart and certain affiliated entities in which the SEC reviewed transactions involving hundreds of millions of dollars, Stuart entered into a consent judgment with the SEC in which Stuart did not admit any wrongdoing. The SEC did file a Complaint against Stuart and certain of his affiliated entities (the "SEC Action") on or about March 7, 2025. Stuart and his affiliated entities have been represented by Duane Morris in the SEC Action. Duane Morris is continuing to represent Stuart before the SEC and while there was a payment default of the SEC consent judgment, Stuart is continuing to work with the SEC and Duane Morris is assisting him in his efforts.

In addition to the SEC Action, Stuart notes that Blueprint Opportunity Zone Fund IV, LLP and certain affiliates (collectively "Blueprint") did file a complaint against Stuart and certain of

affiliates in the Delaware Chancery Court (the "Delaware Chancery Action"). Prior to the filing of Delaware Chancery Action, Blueprint had made a books and records demand on Stuart. Stuart engaged the Tydings & Rosenberg LLP ("Tydings") law firm to assist in responding to the books and records request. After being very responsive and forthcoming in responding to Blueprint's books and records, Blueprint filed the Delaware Chancery Action. After having been cooperative and forthcoming, Tydings requested that Blueprint provide Stuart with an extension of time to retain counsel to respond to the Delaware Chancery Action and Blueprint refused to provide Stuart with the simple curtesy of an extension of time to retain counsel. Notwithstanding Blueprint's refusal to accommodate Stuart with a short extension, Stuart has since engaged counsel in the Delaware Chancery Action and has filed an Answer.

Neither the 36 page Motion nor the more than 500 pages of Exhibits reflect any kind of emergency that warrants the immediate appointment of a Trustee or any type of temporary injunctive relief. Indeed, the nature of the temporary injunctive relief that the Motion seeks is both incredibly vague and broad in seeking "to enjoin Stuart from continuing to operate his businesses." This, undoubtedly, is attributable to the fact that the Motion fails to identify any specific activity in which Stuart is currently engaged which would cause any type of irreparable harm. Indeed, the Verifying Creditors (whose principals are defendants in the DC Superior Court Action) are so desperate to try and assert some type of wrongdoing, they stoop to suggest that Stuart somehow engaged in some kind of nefarious conduct by agreeing to extend the closing date of 2225 M Street NE by approximately 3 weeks. The Verifying Creditors fail to identify how Stuart benefited from this extension of the closing date to the detriment of other parties or what Stuart was supposed to do when a potential purchaser of a property requires additional time to close. The Verifying

Creditors do not claim or suggest that there was any backup purchaser who was in any position to close any quicker.

The allegations in the SEC Action are just allegations. The allegations in the Delaware Chancery Action are just allegations. Stuart did engage legal counsel and did enter into a consent judgment with the SEC in which he did not admit to any wrongdoing. After the principals of the Verifying Creditors embezzled more than $800,000.00 from an entity in which Stuart has an interest, Stuart filed suit against them and defaulted on his payment obligations to the SEC in his consent judgment. These are not facts that warrant depriving Stuart of an opportunity to adequately respond to the involuntary petition in the appropriate venue or imposing a vague and overly broad injunction that seems designed to do little more than to interfere with his efforts to vindicate or defends his rights in other pending court proceedings.

WHEREFORE, Stuart requests that the Motion be denied and that Stuart be awarded his costs and fees and such other relief as is just and proper.

| | |
|---|---|
| Dated: March 2, 2026 | GELLERT SEITZ BUSENKELL & BROWN LLC |
| | /s/ *Charles J. Brown, III* |
| | Charles J. Brown, III (DE 3368) |
| | 1201 N. Orange Street, Suite 300 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 425-5800 |
| | cbrown@gsbblaw.com |
| | *Counsel for Alleged Debtor* |